IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:08CR9-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ELLIS LEMACH THOMAS, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion To Revoke The Detention Order Of February 19, 2008," filed July 2, 2008 (Document #19), and the Government's Response, filed July 10, 2008 (Document #20).

Defendant's original detention hearing was held on February 19, 2008, before United States Magistrate Judge Carl Horn. At the conclusion of that hearing, Defendant was ordered detained. The Magistrate Judge noted that "Defendant may be an "armed career criminal" facing [a] 15-year statutory minimum." (Document #5) The Magistrate Judge also noted that Defendant faced pending "felony child abuse charges, alleging serious injuries to children." (Id.) The Magistrate Judge ultimately determined that Defendant was unable to rebut the statutory presumption of detention. See 18 U.S.C. §3145(b).

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has listened to the audio recording of the original detention hearing, and reviewed the original Pretrial Services Report, which recommended detention.

The Defendant is charged with possession of a firearm and / or ammunition by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e).[1] Because the Grand Jury found that

---

[1] Section 924(e) applies in the case of a person who violates Section 922(g) and "has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. §924(e). Section 924(e) triggers a statutory

1

probable cause exists that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court agrees that bond is not appropriate. Defendant has not rebutted the presumption in this case in light of the fact that Defendant is facing Armed Career Criminal charges, with prior convictions for burglary, arson of a car, and possession of both cocaine and firearms. As the Government aptly points out, Defendant's own criminal record, standing alone, is a sufficient basis for denying bond. Secondly, although Defendant touts his "strong family relationships" in his motion, felony child abuse charges against Defendant remain pending.

---

minimum sentence of fifteen years.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Revoke The Detention Order of February 19, 2008, is hereby **DENIED**. Defendant shall remain in custody pending adjudication.

Signed: July 25, 2008

Richard L. Voorhees
United States District Judge